UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ARCHIE BRYANT, DANIELLE ACOFF,
KATHY RIVERS, ROMONA BROUGHTON,
CYNDY WALKER,
and those similarly situated

Case No._____

Plaintiffs,

COLLECTIVE ACTION

v.

LAKEVIEW CENTER, INC.,

Defendant.

_____/

## COMPLAINT FOR UNPAID OVERTIME WAGES
## LIQUIDATED DAMAGES,
## ATTORNEY'S FEES AND COSTS [29 U.S.C.§§ 206, 207, 216(b)];
## AND DEMAND FOR JURY TRIAL

Plaintiffs Archie Bryant, Danielle Acoff, Kathy Rivers, Romona Broughton, Cyndy

Walker (hereinafter "Plaintiffs"), collectively and on behalf of all others similarly situated, bring

this collective action against Lakeview Center, Inc. (hereafter "Defendant" or "Lakeview"), and

allege:

### Jurisdiction and Venue

1.      Plaintiffs bring this Complaint contending that Defendant failed to

properly pay overtime compensation to Family Service Counselors as required by the

Fair Labor Standards Act, 29 U.S.C. §201, et seq ("the FLSA"). This court has

jurisdiction under 28 U.S.C. §§ 1331, 1337.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b) as the actions giving rise

to this action occurred in this district and the Defendant conducts business in this district.

## Jury Trial Demand

3.      The Plaintiffs demand a jury trial on all issues so triable.

## Nature of the Case

4.      This action is brought to recover unpaid compensation owed to Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA, 29 U.S.C. .§ 201 et seq. for at least three years prior to the filing of this complaint and continuing presently ("liability period"), Defendant has had a policy of consistently requiring their employees, including Plaintiffs, to work without paying them compensation and overtime compensation for work in excess of forty (40) hours per week as required by the FLSA.  Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, and equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S. C. .§ 216(b).

## Parties

5.      Plaintiffs were or are employed by the Defendant in Walton, Santa Rosa, Okaloosa and Escambia Counties, Florida.

6.      Plaintiff, Archie Bryant, is a resident of Escambia County, Florida and was employed by Defendant as a Family Service Counselor from on or about August 2002 through December 2004, and again from August 2005 until January 2007.  As a Family Service Counselor, Plaintiff, Archie Bryant, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.  Plaintiff, Archie

Bryant's written consent to join this action as a Plaintiff is filed herewith. Plaintiff has a bachelors degree in social work.

7.   Plaintiff, Danielle Acoff, is a resident of Santa Rosa County, Florida and was employed by Defendant as a Family Service Counselor from on or about July 2007 through September 2008. As a Family Service Counselor, Plaintiff, Danielle Acoff, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week. Plaintiff, Danielle Acoff's written consent to join this action as a Plaintiff is filed herewith. Plaintiff has a bachelors degree in criminal justice.

8.   Plaintiff, Romona Broughton, is a resident of Alabama, but worked for Defendant in Walton County, Florida as a Family Service Counselor from on or about November 2007 through September 2008. As a Family Service Counselor, Plaintiff, Romona Broughton, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week. Plaintiff, Romona Broughton's written consent to join this action as a Plaintiff is filed herewith.   Plaintiff has a bachelors degree in criminal justice/sociology.

9.   Plaintiff, Cyndy Walker, is a resident of Okaloosa County, Florida and was employed by Defendant as a Family Service Counselor from on or about February 2005 through October 2007. As a Family Service Counselor, Plaintiff, Cyndy Walker, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

Plaintiff, Cyndy Walker's written consent to join this action as a Plaintiff is filed herewith. Plaintiff has a bachelors degree in psychology.

10.     Plaintiff, Kathy Rivers, is a resident of Escambia County, Florida and was employed by Defendant as a Family Service Counselor from or about Janaury 2005 through present.  As a Family Service Counselor, Plaintiff, Kathy Rivers, regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week. Plaintiff, Kathy Bryant's written consent to join this action as a Plaintiff is filed herewith. Plaintiff has a bachelors degree in political science.

11.     Plaintiffs bring this action on behalf of themselves and all other similarly situated. Family Service Counselors employed by Defendants.   It is Plaintiffs' information and believe that other Family Service Counselors employed by Defendant regularly worked in excess of 40 hours per week, but were not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week. There are estimated to be approximately 600 other Family Service Counselors employed by Defendant in the preceding three years.

12.     Lakeview Center, Inc. is a Florida Non Profit Corporation doing business in the State of Florida and Walton, Santa Rosa, Okaloosa and Escambia Counties, with a principal place of business in Escambia County, Florida. Defendant Lakeview Center, Inc., has also utilized the fictitious name FAMILIES FIRST NETWORK.

13.     Defendant, Lakeview Center, Inc. is the Plaintiffs' "employer" within the meaning of the FLSA.

14.     The Plaintiffs were at all material times, employed by the Defendant in Florida and were/are covered employees of the Defendant, within the meaning of the FLSA.

## FACTUAL BACKGROUND

15.     Defendant, Lakeview Center, Inc., through the **FamiliesFirst Network of Lakeview** (FFN) represents a partnership with the Department of Children and Families (DCF) to provide an array of foster care and related Service in coordination with network partners. The network includes DCF, Lakeview Center, as the lead agency, judiciary sub-contracted service providers, foster parents, the District One Community Alliance, agency stakeholders, and the community working together to implement the legislative mandate for community based care. Service include case management for out of home and in home placements; foster home recruitment, training, recommendation for licensure, and support; adoption support; independent living program; dependency court resource facilitation; sub-contract management; and other related Service to abused and neglected children and their families.

16.     Plaintiffs, and other Family Service Counselors and similarly situated employees, work to execute the work of Defendant in the communitee. They are paid by Defendant on a salary basis and are/were frequently and regularly required to work in excess of forty (40) hours in a work week without additional compensation or overtime compensation.

17.     Plaintiffs, and other Family Service Counselors and similarly situated employees are and at all times have been, non-exempt employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

18.     Defendant is and was well aware of the overtime work hours worked by Plaintiffs, other Family Service Counselors, and those similarly situated, yet did not pay these employees overtime compensation as required by the FLSA.

### Collective Action FLSA Allegations

19.     Plaintiffs bring this case as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorney's fees and costs, and damages owed to Plaintiffs and all similarly situate employees of Defendant.

20.     The Defendant has regularly employed all their Family Service Counselors in excess of forty hours in a work-week, have not paid them at a rate of one and one half times their regular rate of pay for all the hours worked in excess of 40 hours in a workweek, and thus have engaged in a pattern and practice of violating § 207 of the FLSA with respect to their Family Service Counselors.

21.     The class of similarly situate persons on whose behalf the case is brought (hereinafter "class") consists of:

> All persons who are currently, or who were employed during the three (3) year period immediately preceding the filing of this Complaint in the position of "Family Service Counselor" for the Defendants, directly or through one of its subsidiaries or affiliated companies, who worked overtime during any given week within the period and who have not filed a complaint to recover overtime wages.

22.     Plaintiffs estimate that there are over 600 members in the Class. The precise number of Plaintiffs can be easily ascertained by Defendants through the use of payroll and personnel records. Given the composition and size of the class, members of the class may be informed of the pendency of this action through direct mail.

23.     This action is properly maintained as a collective action because Plaintiffs and the Class members are similarly situated with respect to the overtime violations alleged in this Complaint.

24.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for unpaid minimum and/or overtime wages, liquidated damages, costs, and attorney's fees.

25.     Plaintiffs request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in to this action under 29 U.S.C. § 216 for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and other relief requested herein.

### Factual Allegations Common To All Causes Of Action

26.     Plaintiff's re-allege all preceding paragraphs.

27.     Plaintiffs and members of the Class were/are employed by Defendants as Family Service Counselors.

28.     Plaintiff's and Class members' job duties include/d, but were not limited to, responding to emergencies at all hours, transporting children using their own cars to and from appointments, visiting children in their homes, completing paperwork,

testifying in courts, and similar tasks. By its very nature, the job of a caseworker is extremely time intensive, requiring caseworkers essentially to be on duty at all times to deal with continually evolving family situations impacting the lives of the children they serve.

29. Plaintiffs and Class members did not customarily and regularly direct the work of two (2) or more other employees.

30. Plaintiffs and Class members could not hire and fire employees.

31. Plaintiff and members of the Class were, at all times during the violation period, classified as exempt under the FLSA and were not paid overtime wages for any hours worked in excess of forty in a work-week.

32. Plaintiffs and members of the Class were required and/or permitted to work in excess of forty hours in a work-week, but where not paid the proper overtime rate for all hours worked in excess of forty in a work-week.

33. The Plaintiffs are entitled to compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a work-week.

34. Defendants knew and were aware at all times that Family Service Counselors worked in excess of forty hours in a work-week.

35. Defendants purposefully, intentionally, and wrongly classified Plaintiff's as exempt from overtime.

36. Defendants knew, or showed reckless disregard for, the fact that its failure to pay overtime compensation was in violation of the FLSA.

37.     Plaintiffs are informed and believe that the Defendants have been investigated by the United States Department of Labor regarding their failure to pay overtime to Family Service Counselors and have still failed to conform their practices to the law.

38.     Defendants have failed to maintain accurate records of the hours worked by the Plaintiffs and all other Family Service Counselors in violation of the FLSA.

39.     Defendants managed the work the Plaintiffs and Class members performed, the hours worked, and dictated, controlled, and ratified compensation policies applied to the Plaintiffs and Class members.

40.     The Defendants compensation policies are uniform amongst all Family Service Counselors and disseminated by senior management.

## Count One - Violation of 29 U.S.C. § 207 and § 216(b)

41.     The allegations of the preceding paragraphs are incorporated by reference herein.

42.     The Defendant is an employer and enterprise engaged in interstate commerce and the provision of healthcare Service and is subject to the FLSA.

43.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours in a work-week at a rate not less than one and one-half times the regular rate of pay.

44.     The Defendants employed Plaintiffs in excess of forty hours in a work-week without paying them at a rate of one and one half times their regular rate of pay for

all hours worked in excess of forty in a work-week as required by the FLSA and thus have violated the Plaintiffs' rights under § 207 of the FLSA.

45.     As a consequence of the Defendants' violation of the FLSA, the Plaintiffs are entitled to one and one half times their regular rate of pay for all hours they worked in excess of forty hours in a work-week. They are also entitled to an equal amount of money as liquidated damages under the FLSA.

46.     The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

47.     Because of Defendants' actions, Plaintiffs have had to retain counsel and are entitled to recover their attorneys' fees and costs connected with this suit.

48.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated persons have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiffs pray that this Court:

   a) Certify a Collective Action or Actions;

   b) Order that Defendants file with this court, and with Plaintiffs' counsel, a list of all names and addresses of all Family Service Counselors employed by Defendants during the violation period and authorize Plaintiffs' counsel to issue notice to those persons at the earliest possible time informing them of the filing of this action, the nature of the action, and of the right to "opt-in" to the action if the person falls within the Class definition.

c) Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

d) Declare that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to the Plaintiffs and Class members;

e) Declare that Defendant's violations of the FLSA were willful;

f) Enter judgment awarding Plaintiffs and Class members unpaid overtime compensation and an additional equal amount as liquidated damages;

g) Enter judgment awarding Plaintiffs and Class members reasonable attorneys' fees and costs;

h) Award pre and post-judgment interest as allowed by law;

i) Grant Plaintiffs and Class members leave to amend to add additional Plaintiffs by motion, the filing of consent forms, or any other method of proof by the Court; and

j) Grant such other relief which this Court deems just and proper.

Respectfully Submitted,

_____
JEREMIAH J. TALBOTT, P.A.
245 E. Intendencia Street
Pensacola, Fla. 32502
(850) 437-9600
(850) 437-0906 (Facsimile)
Fla. Bar No. 0154784
*Attorney for the Plaintiffs*